UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ZILOLA YUSUPOVA, INNA CORAL,
DMITRIY LASHMAN and TATYANA SPIVAK

                    Plaintiffs

  -against-

HOME ATTENDANT VENDOR AGENCY, INC. and
JOHN DOES 1-25,

                    Defendants.
-------------------------------------------------------------------------X

Docket No.:

COMPLAINT AND DEMAND
FOR JURY TRIAL

      Plaintiffs, ZILOLA YUSUPOVA, INNA CORAL, DMITRIY LASHMAN and TATYANA SPIVAK and on behalf of a class of all others similarly situated, by and through their attorneys, THE LAW OFFICE OF DAVID A. FEINERMAN , as and for their Complaint in this action against Defendant HOME ATTENDANT VENDOR AGENCY, INC. and JOHN DOES 1-25, (collectively "Defendants"), based upon information and belief of Plaintiffs' counsel, except for allegations specifically pertaining to Plaintiffs', which are based upon Plaintiffs' personal knowledge.

## NATURE OF THE CLAIMS

1.    Plaintiffs brings this action, on behalf of themselves and on behalf of all other similarly situated persons, to recover for Defendant's: (i) failure to pay overtime as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. and the New York Labor Law ("NYLL"), §§ 650 et seq.; and (ii) failure to furnish accurate wage statements in violation of NYLL § 195.

2.    Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. §21 6(b), on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants as home health aide workers and home attendants ("Home Attendant") and/or in similar positions who were/are not paid overtime at a rate of one and one- half

times their regular rate of pay for all hours worked in excess of 40 hours per workweek for the period of January 2010 to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiffs and all such other similarly situated persons are jointly referred to herein as the "FLSA Collective.

2.   Members of the FLSA Collective are similarly situated because they were all subject to Defendant's common policy and/or practice that resulted in not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

3.   Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendant in the State of New York as Home Attendants and/or in similar positions who: (i) were/are not paid overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek; and (ii) were not provided accurate wage statements, for the period of January 2010 to the date of the final disposition of this action (the "New York Class Period"). Plaintiffs and all other such similarly situated persons are jointly referred to herein as the "New York Class."

4.   Members of the New York Class are similarly situated because, during the New York Class Period, they were all subject to Defendant's common policy and/or practice of not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, making unlawful deductions from wages, illegally retaining employees' gratuities and "charges purported to be gratuities," and not providing accurate wage statements, as well as Defendant's breach of employment contract and unjust enrichment.

1.   JURISDICTION AND VENUE

5.   Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs'

rights under the FLSA. Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

6.  Pursuant to 28 U.S.C. §1391(b) (2), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7.  Plaintiffs, ZILOLA YUSUPOVA, INNA CORAL, DMITRIY LASHMAN and TATYANA SPIVAK are resident of the State of New York and current employees of Defendant. At all relevant times, they were and still are "employees" within the meaning of all applicable statutes. A Consent to Participate as Plaintiffs in this action executed by Ms. Yusupova, Ms. Coral, Mr. Lashman and Ms. Spivak will be filed with the Court.

8.  Defendant HOME ATTENDANT VENDOR AGENCY, INC. ("HAVA") is a domestic corporation operating in the home healthcare industry in the City and State of New York, County of Kings. Defendant HAVA is an "employer" and an "enterprise engaged in commerce or in the production of goods for commerce" as those phrases are defined in the FLSA.

9.  John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## FACTUAL ALLEGATIONS

### Background

10.  Defendant employed Plaintiff ZILOLA YUSUPOVA as a full-time Home Attendant from at least October, 2004 until December, 2015. Plaintiff's duties include household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendants assigned her ("Consumer").

11.  Plaintiff was responsible for all aspects of her consumer's welfare, including but not limited to providing companionship, meal service, grooming assistance, medication administration, bill

payment assistance, shopping/errand accompaniment, laundry, toileting assistance and house cleaning. These services were provided in the home of the Consumer, Plaintiff spent approximately half of her working hours doing household chores such as cleaning, laundry, dishes and cooking for the Consumer.

12. From January 2010 through Dece4mber, 2015, Plaintiff worked seven (5) days per week at a minimum of eleven (11) hours per day, totaling at least fifty-five (55) hours worked per week.

13. Plaintiff was responsible for all aspects of her consumer's welfare, including but not limited to providing companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping/errand accompaniment, laundry, toileting assistance and house cleaning. These services were provided in the home of the Consumer, Plaintiff spent approximately half of her working hours doing household chores such as cleaning, laundry, dishes and cooking for the Consumer.

14. Defendant paid Plaintiff and others at a rate of $10.00 per hour for every hour worked and failed to pay time and one half after forty hours per week.

15. Defendant employed Plaintiff INNA CORAL as a full-time Home attendant from March 1989 until August 2016. Plaintiffs duties include household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendants assigned her ("Consumer").

16. Plaintiff was responsible for all aspects of her consumer's welfare, including but not limited to providing companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping/errand accompaniment, laundry, toileting assistance and house cleaning. These services were provided in the home of the Consumer. Plaintiff spent approximately half of her working hours doing household chores such as cleaning, laundry, dishes and cooking for the Consumer.

17. From March 2007 through March 2015 Plaintiff worked seven (7) day per week at a minimum of ten (10) hours per day, totaling at least seventy (70) hours worked per week.

18. Defendants paid Plaintiff and others at a rate of $10.00 per hour for each hour worked

and failed to pay time and one half after forty hours per week.

19. Defendant employed Plaintiff DMITRIY LASHMANOV as a full-time Home attendant from September 2010 until February 2014. Plaintiffs duties include household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendants assigned her ("Consumer").

20. Plaintiff was responsible for all aspects of his consumer's welfare, including but not limited to providing companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping/errand accompaniment, laundry, toileting assistance and house cleaning. These services were provided in the home of the Consumer. Plaintiff spent approximately half of his working hours doing household chores such as cleaning, laundry, dishes and cooking for the Consumer.

21. From October 2010 through February 2014 Plaintiff worked five (5) day per week at a minimum of twelve (12) hours per day, totaling at least sixty (60) hours worked per week.

22. Defendants paid Plaintiff and others at a rate of $10.00 per hour for each hour worked and failed to pay time and one half after forty hours per week.

23. Defendant employed Plaintiff TATYANA SPIVAK as a full-time Home attendant from January 2008 until March 2017. Plaintiffs duties include household chores, meal preparation, hygiene assistance, personal healthcare and running errands for the persons to whom Defendants assigned her ("Consumer").

24. Plaintiff was responsible for all aspects of her consumer's welfare, including but not limited to providing companionship, meal service, grooming assistance, medication administration, bill payment assistance, shopping/errand accompaniment, laundry, toileting assistance and house cleaning. These services were provided in the home of the Consumer. Plaintiff spent approximately half of her working hours doing household chores such as cleaning, laundry, dishes and cooking for the Consumer.

25. From January 2008 through March 2017 Plaintiff worked five (5) day per week at a minimum of twelve (12) hours per day, totaling at least sixty (760 hours worked per week.

26. Defendants paid Plaintiff and others at a rate of $10.00 per hour for each hour worked and failed to pay time and one half after forty hours per week.

27. Plaintiffs had no supervisory duties or responsibilities and did not set Defendants' policies nor act with independence or exercise judgment and discretion.

28. At all times mentioned herein, Plaintiffs and the others were responsible for their own work and did not have administrative or management responsibilities, as those terms are used in connection with the FLSA and state wage and hour statutes and regulations.

29. Plaintiffs' duties and the duties of others similarly situated did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction or study.

30. The work of the Plaintiffs and others similarly situated required only minuscule amounts of discretion or independent judgment. Plaintiffs were neither responsible for, nor allowed to make, relevant decisions regarding policy, procedures or protocol. Plaintiffs were otherwise subject to the control, policies and procedures of Defendant in making decisions in the course of their employment. Plaintiffs were not classified as administrative personnel, and did not perform administrative roles with Defendant. Plaintiffs were production-type employee tasked with home healthcare, household work, and personal supervision and companionship, and similar duties.

31. Defendant monitored Plaintiffs' compliance with its guidelines, procedures, and policies by periodically reviewing Plaintiffs' work performance, and by sending supervisors and individuals from management to periodically observe them.

32. The work performed by Plaintiffs and putative collective action members were non-exempt work, as that term is used and defined in the U.S. Department of Labor's ("DOL") regulations promulgated under the FLSA, and the comparable state wage and hour provisions and regulations in effect in New York.

33. Throughout their employment with Defendant, Defendant failed to post notices

required by 29 C.F.R. § 516.4 (and state analogs), in an attempt to prevent Plaintiffs and the others from knowing their FLSA and NYLL rights.

34. When divided by the number of hours worked per week, the hourly rates paid Plaintiffs and others by Defendant frequently amounted to less than the minimum wage.

35. Plaintiffs and the class members were and are entitled to be paid overtime at one and one-half times their respective regular rates of pay for each hour in excess of forty hours that they worked in any workweek pursuant to the FLSA and NYLL and implementing regulations.

36. During their tenure in Defendant's employ, Plaintiffs and the class members were not paid for all hours worked, including their rest and meal periods, and "sleeping time" during which they performed their principal activities, including but not limited to those listed above.

37. Defendant willfully misclassified Plaintiffs and all other similarly situated in order to avoid paying them the full wages to which they were and are entitled; and that action was not based upon advice of counsel nor reliance on guidance from a court or governmental agency of competent jurisdiction.

38. Defendant systematically failed or refused to keep adequate time records in violation of 29 U.S.C. § 21 l(c) (and state analogs).

39. Plaintiffs and the other home attendants, therefore, may establish the hours worked by their own records and testimony.

40. Defendant failed to pay Plaintiffs spread of hours pay, as required by state law.

41. Plaintiffs' FLSA claims for minimum wage and overtime are brought as a collective action pursuant to 29 U.S.C. § 216(b), alleging that Defendant employed the common policy or practice of paying Plaintiffs and other Home Attendants straight-time, regardless of the number of hours worked, failed to pay for all hours worked, failed to post the required notices in its workplace(s), and failed to keep the required records. Plaintiffs' state law claims are brought individually during the FLSA Collective Period and the New York Class Period. Plaintiffs and the members of the FLSA Collective

and the New York Class were paid on a W-2 basis and were considered employees of HAVA.

42. During the FLSA Collective Period and the New York Class Period, Plaintiffs and the members of the FLSA Collective and the New York Class were subject to uniform and illegal policies and practices by Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs brings their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendants as Home Attendants in similar positions who were/are not paid overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per workweek during the FLSA Collective Period.

44. The basic job duties of the FLSA Collective were/are the same as or substantially similar to those of Plaintiffs, and the members of the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

45. The members of the FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendant, including Defendant's failure to pay overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

46. During the FLSA Collective Period, Defendant was fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the overtime provisions of the FLSA.

47. As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiffs' overtime at a rate of one and one- half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

48. Defendant's violations of the aforementioned statutes were willful, repeated, knowing,

intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective. As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the FLSA Collective for the full amount of their overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

49. As a result of Defendant's conduct as alleged herein, Defendant violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiffs overtime at a rate of one and one- half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

50. Defendants' violations of the aforementioned statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

51. As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the FLSA Collective for the full amount of their overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

52. Plaintiffs are currently unaware of the identities of the members of the FLSA Collective. Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons employed by Defendant as Home Attendants and/or in similar positions during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the members of the FLSA Collective notice of this action and an opportunity to make an informed decision about whether or not to participate in it.

### RULE 23 CLASS ACTION ALLEGATIONS

53. Plaintiffs brings their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly situated persons who were/are employed by Defendant in the state of New York as Home Attendants and/or in similar positions who were/are not paid overtime at a rate of one and one-halftimes their regular rate for all hours worked in excess of 40 hours per workweek and who were not furnished with accurate wage statements during

the NYLL Class Period.

54. The basic job duties of the New York Class were/are the same as or substantially similar to those of Plaintiffs, and the New York Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

55. The New York Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendant, including not paying overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek and not providing accurate wage statements.

56. During the New York Class Period, Defendant was fully aware of the duties performed by Plaintiffs and the New York Class, and that those duties were not exempt from the overtime and other applicable provisions of the NYLL and/or its regulations.

57. As a result of Defendant's conduct as alleged herein, Defendant violated the NYLL and/or its regulations by not paying the New York Class and Plaintiffs overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek and by not providing accurate wage statements.

58. Defendant's violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the New York Class.

59. As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the New York Class for the full amount of their overtime wages, wages earned, and wages deducted, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the New York Class.

60. Certification of the New York Class members' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs

claims and the claims of the New York Class. Plaintiffs have standing to seek such relief because of the adverse effect that Defendant's unlawful compensation policies and practices have had on them individually and on members of the New York Class. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the New York Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiffs, the New York Class and Defendant.

61. Plaintiffs' claims raise questions of law and fact common to the New York Class, including but not limited to:

(a) Whether Defendant failed to pay Plaintiffs and the New York Class overtime at a rate of one and one-halftimes their regular rate of pay for all hours worked in excess of 40 hours per workweek during the New York Class Period;

(b) Whether Defendant's failure to pay overtime to Plaintiffs and the New York Class constitutes a violation of NYLL §650 *et seq.* and 12 N.Y.C.RR §142.2-2;

(c) Whether Defendant failed to provide Plaintiffs and the New York Class with accurate wage statements;

*(d)* Whether Defendant's failure to provide accurate wage statements constitutes a violation of NYLL §§ 195 *et seq.;*

(e) Whether Defendant failed to maintain a time keeping system to track the hours worked by Plaintiffs and the members of the FLSA Collective and NYLL Class; and

(f) Whether Defendant's violations of the NYLL and/or its regulations were willful.

These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

62. Plaintiffs are members of the New York Class that they seek to represent. Plaintiffs' claims are typical of the claims of the New York Class. The relief Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

63. Plaintiffs' interests are co-extensive with those of the New York Class that they seek to represent in this case. Plaintiffs are willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

64. Defendant has acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

65. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendant's individual and class-wide liability and the essential predicate for Plaintiffs and the New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

66. The common issues of fact and law affecting Plaintiffs' claims and those of the New York Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

67. A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the New York Class. There will be no difficulty in the management of this action as a class action.

68. The cost of proving Defendant's violations of the New York and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the New York Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of Plaintiffs litigating identical claims. The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendant's liability.

69. The New York Class is so numerous that joinder of all members is impracticable. While the exact number of the New York Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least 40 other similarly situated persons who were/are employed by Defendant as Home Attendants and/or in similar positions during the New York Class Period.

70. Plaintiffs are currently unaware of the identities of the New York Class members. Accordingly, Defendant should be required to provide Plaintiff with a list of all persons employed by Defendant as Home Attendants and/or in similar positions during the New York Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the New York Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

FIRST CLAIM FOR RELIEF
(Failure to Pay Overtime in Violation of 29 U.S.C. §207)

71. Plaintiffs, on behalf of themselves and the FLSA Collective, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

72. The FLSA requires covered employers, such as Defendant, to pay all nonexempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek. Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendant pay them overtime under the FLSA.

73. During the FLSA Collective Period, Defendant knew that Plaintiffs and the FLSA Collective usually worked at least 60 hours per workweek for Defendant. However, Defendant did not pay them overtime for hours worked in excess of 40 hours per workweek.

74. As a result of Defendant's failure to pay Plaintiffs and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendant violated the FLSA.

75. The foregoing conduct of Defendant constitutes willful violations of the FLSA. Defendant's violations of the FLSA have significantly damaged Plaintiffs and the FLSA Collective and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, as well as attorneys' fees and costs.

SECOND CLAIM FOR RELIEF
(Failure to Pay Overtime in Violation of NYLL §650 et seq. and 12 NYCRR. §142-2.2)

76. Plaintiffs, on behalf of themselves and the New York Class, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

77. NYLL §650 and 12 N.Y.C.R.R. §142-2.2 require a covered employer, such as Defendant, to pay employees overtime at a rate of one and one-half times the employee's regular rate of pay in the manner and methods provided in the FLSA. Plaintiffs and the New York Class were not exempt from the requirement that Defendant pay them overtime under the NYLL and/or its regulations.

78. During the New York Class Period, Defendant knew that Plaintiffs and the New York Class usually worked between 60 and 80 hours per workweek for Defendant. However, Defendant intentionally did not properly pay them overtime for hours worked in excess of 40 hours per workweek.

79. As a result of Defendant's failure to pay Plaintiffs and the New York Class overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendant violated the NYLL and 12 N.Y.C.R.R. §142-2.2.

80. The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

81. Defendant's violations of the NYLL and/or its regulations have significantly damaged Plaintiffs and the New York Class and entitle them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, as well as attorneys' fees and costs.

<u>THIRD CAUSE OF ACTION</u>
(Failure to Provide Accurate Wage Statements in Violation of New York Labor Law §195)

82. Plaintiffs, on behalf of themselves and the New York Class, hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

83. The NYLL requires covered employers, such as Defendant, to furnish accurate wage statements to their employees with every payment of wages, and to provide notice to employees of any change in their rate of pay. Plaintiffs and members of the New York Class were not exempt from this requirement.

84. Defendant failed to furnish accurate wage statements to Plaintiffs and the members

of the New York Class, in violation of NYLL §195 by, inter alia, providing Plaintiffs and the members of the New York Class with wage statements that falsely represented that they had worked fewer hours per week than they actually had.

85. The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

86. Defendant's violations of the NYLL have significantly damaged Plaintiffs and the New York Class and entitle them to recover damages of one hundred dollars per person affected for each work week that such violations occurred, up to a total of five thousand dollars per person affected, together with attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective and the New York Class, respectfully request that this Court:

A. Declare that the practices complained of herein are unlawful under applicable federal and state law;

B. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendant to provide Plaintiffs with a list of all persons who were/are employed by Defendant as Home Attendant and/or in similar positions during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C. Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendant's violations of the FLSA, and award those damages against Defendant and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be

allowed by law;

D. Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages because Defendant's violations were willful and/or without a good faith basis;

E. Declare this action to be maintainable as a class action pursuant to Fed. R Civ. P. 23, and direct Defendant to provide Plaintiffs with a list of all persons who were/are employed by Defendant as Home Attendant and/or in similar positions during the New York Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F. Designate one of the Plaintiffs as a representative of this class, and their counsel of record as class counsel;

G. Determine the damages sustained by Plaintiffs and the New York Class as a result of Defendant's violations of the NYLL and/or its regulations, and award those damages against Defendant and in favor of the Plaintiffs and the New York Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H. Award Plaintiffs and the New York Class an additional amount as liquidated damages pursuant to the NYLL because Defendant's violations were willful and/or without a good faith basis;

I. Award Plaintiffs, the FLSA Collective and the New York Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees;

J. Enjoin Defendant from engaging in any further acts of illegal retaliation; and

K. Grant Plaintiffs, the FLSA Collective and the New York Class such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs, on behalf of themselves and on behalf of all other similarly situated persons, hereby demands a trial by jury on all issues of fact and damages.

Dated: Brooklyn, New York
      December 13, 2018

                        LAW OFFICE OF DAVID A. FEINERMAN

                        By: *Isl David A. Feinerman*, Esq.
                            *Attorneys for Plaintiffs*
                            2765 Coney Island Avenue, 2nd Floor
                            Brooklyn, New York 11235
                            (718) 646-4800